# NO. 12-24-00136-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONIQUE SHUNTAY ALLEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Monique Shuntay Allen pleaded "guilty" to possession of a controlled substance and, in accordance with the agreed punishment recommendation, the trial court placed Appellant on deferred adjudication community supervision for three years. Appellant signed a waiver of appeal. The State subsequently moved to adjudicate guilt. Appellant pleaded "true" to violating the terms of community supervision. The trial court revoked community supervision and sentenced Appellant to seven months of confinement in accordance with her agreement with the State. The signed plea admonishments state that in exchange for Appellant's plea of "true" and her agreement to waive any right to new trial or appeal, the State recommended seven months state jail.

The clerk's record has been filed and the trial court's certification states that this is a plea bargain case, and Appellant has no right of appeal, as well as that Appellant waived the right of appeal. The certification is signed by Appellant and her counsel. *See* TEX. R. APP. P. 25.2(d). The clerk's record does not otherwise indicate that the trial court gave Appellant permission to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, the trial court's certification appears to accurately state that this is a plea bargain case and Appellant has no right to appeal, and that Appellant waived the right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review record to determine whether trial court's certification is accurate). Because the trial court did not grant Appellant the right to appeal, we *dismiss* the appeal.

Opinion delivered June 12, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JUNE 12, 2024**

**NO. 12-24-00136-CR**

**MONIQUE SHUNTAY ALLEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0943-23)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*